ROBERT E. HESS (SBN 178042)
rhess@maynardnexsen.com
KAREN T. TSUI (SBN 305869)
ktsui@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Blvd., Suite 550
Los Angeles, CA 90067
Telephone:   213-680-2800
Facsimile:   213-614-7399

Attorneys for Defendant
Unum Life Insurance Company of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN RHODES,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendant. | Case No. 4:23-cv-03959-JCS<br><br>**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT (ERISA)**<br><br>Complaint Filed:   August 8, 2023 |

Defendant Unum Life Insurance Company of America ("Defendant") for itself and no others, in response to the allegations of the Complaint ("Complaint") of Plaintiff Kristin Rhodes ("Plaintiff") on file herein, admits, denies, and alleges as follows:

1.   Referring to the allegations of paragraph 1 of the Complaint, Defendant admits only that this case and Plaintiff's underlying claim for benefits are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, *et seq*. ("ERISA"), and that federal court jurisdiction is proper. The remaining allegations in this paragraph consist of Plaintiff's requested relief and can neither be admitted nor denied. To the extent a further response is required, the additional allegations are denied, and Defendant specifically denies that Plaintiff is entitled to any of the relief she seeks in this action.

2.   Referring to the allegations of paragraph 2 of the Complaint, Defendant admits only that this judicial district is a proper venue for this action. Except as so specifically admitted, Defendant denies the allegations in this paragraph.

3.   Referring to the allegations of paragraph 3 of the Complaint, Defendant admits that at certain relevant times, Plaintiff was an employee of Boston Consulting Group, Inc. ("BCG") as a Project Leader and admits that Plaintiff submitted a claim for long-term disability ("LTD") benefits based upon a disability onset date of August 13, 2019. Defendant further admits that Plaintiff returned to work for BCG in a part-time capacity by at least February 2021, and subsequently returned to a salaried status with BCG in or around September 2021 in a position titled Knowledge Expert. Defendant admits that Plaintiff described differences in the two positions to Defendant. However, Defendant alleges that the facts and circumstances of Plaintiff's employment status and job duties and demands relevant to her disability claim are reflected in the documents contained in the Administrative Record pertaining to her LTD claim, and such documents speak for themselves and are the best evidence of

their contents. Defendant also admits that Plaintiff was a participant in BCG's ERISA-governed employee welfare benefit plan (the "Plan") through which Plaintiff was eligible for coverage under the LTD policy issued by Defendant to BCG (the "Policy"). Except as so specifically admitted and alleged, Defendant denies the allegations in this paragraph.

4.  Referring to the allegations of paragraph 4 of the Complaint, Defendant admits that it is a corporation with its statutory home office in the State of Maine, and Defendant is authorized to engage in the business of insurance in the State of California. Except as so specifically admitted, Defendant denies the allegations in this paragraph.

5.  Referring to the allegations of paragraph 5 of the Complaint, Defendant does not object to the request for intradistrict assignment, but Defendant denies that a substantial part of the events of the events or omissions relating to this action occurred in Oakland.

6.  Referring to the allegations of paragraph 6 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.  Referring to the allegations of paragraph 7 of the Complaint, they are admitted.

8.  Referring to the allegations of paragraph 8 of the Complaint, Defendant admits that it paid LTD benefits to Plaintiff for a period of time before it determined that Plaintiff was not disabled under the terms of the Policy.  Defendant alleges that it conveyed that determination to Plaintiff in a letter dated November 9, 2022, which letter speaks for itself and is the best evidence of its contents.  Except as so specifically admitted and alleged, Defendant denies the allegations in this paragraph.

9.  Referring to the allegations of paragraph 9 of the Complaint, Defendant admits that Plaintiff administratively appealed Unum's claim determination and

submitted documents to Defendant in support of her appeal. Defendant alleges that those documents are contained in the Administrative Record pertaining to Plaintiff's LTD claim, and such documents speak for themselves and are the best evidence of their contents. Except as so specifically admitted and alleged, Defendant denies the allegations in this paragraph.

10. Referring to the allegations of paragraph 10 of the Complaint, Defendant admits that, in response to Plaintiff's administrative appeal, Defendant upheld its claim determination and conveyed the outcome on appeal to Plaintiff's counsel in a letter dated August 4, 2022. Except as so specifically admitted, Defendant denies the allegations in paragraph 10.

11. Referring to the allegations of paragraph 11 of the Complaint, they are denied.

12. Referring to the allegations of paragraph 12 of the Complaint, Defendant admits only that Plaintiff has exhausted her administrative remedies with respect to her claim for LTD benefits under the Policy. Except as so specifically admitted, Defendant denies the allegations in paragraph 12.

13. Referring to the allegations of paragraph 13 of the Complaint, they are denied.

14. Referring to the allegations of paragraph 14 of the Complaint, they are denied.

**RESPONSE TO REQUEST FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint and/or in the Request for Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (Failure to State a Claim for Relief)

As a first, separate defense to all claims for relief alleged in the Complaint, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (Offsets)

As a second, separate defense to all claims for relief alleged in the Complaint, Defendant alleges that to the extent (and without admitting that) Plaintiff is entitled to recover any further benefits under the Policy, such recovery is subject to offsets under the terms of the Policy and the Plan.

### THIRD DEFENSE

### (Requirements for Attorneys' Fees Not Met)

As a third, separate defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiff's claim does not meet the requirements for recovery of attorneys' fees as set forth in *Hummell v. Rykoff*, 634 F.2d 446 (9th Cir. 1980); therefore, Plaintiff is not entitled to recovery of attorneys' fees against Defendant.

### FOURTH DEFENSE

### (Enforceable Choice of Law Provision)

As a fourth, separate defense to all claims for relief alleged in the Complaint, Defendant alleges that the subject group policy grants Defendant discretionary authority and contains a choice of law provision applying Massachusetts law, which allows discretionary language. Because it would not be unreasonable or

fundamentally unfair to apply the law of Massachusetts in this case, the abuse of discretion standard of review is applicable in this case.

## RESERVATION OF DEFENSES

Defendant reserves the right to raise additional affirmative defenses as may be ascertained during the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff be granted no relief in this action;
2. That judgment be entered against Plaintiff and in favor of Defendant;
3. For costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by case or statutory authorities and/or agreement of the parties; and
4. For such other and further relief as this Court may deem just and proper.

DATED: February 29, 2024                    MAYNARD NEXSEN LLP

By: */s/ Robert Hess*
ROBERT HESS
KAREN T. TSUI
Attorneys for Defendant
Unum Life Insurance Company of America

AMENDED ANSWER TO COMPLAINT (ERISA)

# CERTIFICATE OF SERVICE

*Kristin Rhodes v. UNUM Life Insurance Company of America*
Case No. 4:23-cv-03959-JCS

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **February 29, 2024**, I served the document(s) entitled, **DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT (ERISA)**, on the interested parties in this action. The interested party set forth below are registered CM/ECF users with the court, and have consented through service through the Court's automatic transmission of a notice of filing.

Michelle L. Roberts
E-mail: michelle@robertsdisability.com
Corinne Chandler
E-mail: corinne@robertsdisability.com
**ROBERTS DISABILITY LAW, P.C.**
66 Franklin Street, Ste. 300
Oakland, CA 94607
Telephone: (510) 230-2090
Facsimile: (510) 230-2091

*Attorneys for Plaintiff, Kristin Rhodes*

**[X]  (BY CM/EFC SERVICE)**:  I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **February 29, 2024**, at Los Angeles, California.

_____
Patricia Bronstrup